**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JAMES ANAQUAD KLEINERT,<br>303 Park Meadows Lane<br>El Jebel, CO 81623<br><br>　　　Plaintiff,<br>v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, DC 20240<br><br>　　　Defendant. | Case No.: 24-934<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff James Anaquad Kleinert (hereinafter "Plaintiff" or "Kleinert") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by Defendant Bureau of Land Management (hereinafter "Defendant" or "BLM") for failing to conduct an adequate search for responsive records, and failing to provide Plaintiff with all non-exempt records responsive to its September 9, 2022, FOIA Request submitted to this federal agency, seeking records that relate to Orion Mine Finance, Orion Resource Partners, Sweetwater Royalties, Oskar Lewnowski and Jonathan Lamb. This lawsuit requests an order declaring that Defendant has violated FOIA and ordering Defendant to issue a final determination and provide Plaintiff with all non-exempt records Plaintiff has requested.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

5. Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with offices located in Washington, D.C.

6. The Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

7. The Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8. All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

## PARTIES

9. Plaintiff, James Anaquad Kleinert, is an international award-winning documentary filmmaker, at all times relevant herein, has worked in El Jebel, Colorado.

10. Defendant Bureau of Land Management is federal agency within the United

States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f). Defendant is in possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA request at issue in this action.

11.   Plaintiff sought records the records at issue in this case to inform his work in documentary film productions, with the goal of educating, informing, bringing awareness to, and helping to protect America's wild horses and burros on public lands and in government holding facilities.

12.   Plaintiff uses records requested through FOIA to educate the public and derives benefits from agency compliance with FOIA and from Plaintiff's receipt of public records. Plaintiff's interests are directly and irreparably injured by Defendant's violations of law as described in this complaint. Defendant's violations of law have denied Plaintiff the information to which Plaintiff is entitled, thereby preventing Plaintiff from continuing his work to understand wild horse and burro management activities on public lands and to educate the public regarding the same, including from ensuring compliance with applicable statutes and regulations, as well as meaningfully educating the public regarding management of wild horses and burros on public lands. Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

13.   FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

14.   Upon receipt of a request, FOIA requires agencies to issue a "determination"

within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

15. Failure to provide a timely determination in response to a FOIA request is a violation of FOIA.

16. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

17. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications that suggest other records might be located outside the scope of its original search.

18. In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, but only where the information fits within nine categories of statutory exemptions. 5 U.S.C. § 552(b). Exemptions are narrowly construed in light of FOIA's prevailing objective of disclosure.

19. Under FOIA, federal agencies bear the burden of proving that withholding of responsive records is proper. 5 U.S.C. § 552(a)(4)(B).

20. FOIA also requires an agency to make a showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

21. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

22. FOIA provides that when a requestor has not been provided with records within the statutory timeframe, the agency has constructively denied the request. Requestors are deemed

to have exhausted any administrative remedies and may seek judicial redress from the Federal District Court to enjoin the agency from withholding the records and order production of agency records improperly withheld. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

23. Pursuant to FOIA, this court may assess attorney fees and litigation costs against the Unite States of the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

24. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

**FACTUAL ALLEGATIONS**

25. On September 9, 2022, Plaintiff James Anaquad Kleinert ("Plaintiff" or "Kleinert") sent a FOIA request ("FOIA Request") to the Defendant Bureau of Land Management ("Defendant" or "BLM"), seeking:

> All records, including but not limited to, all emails and all attachments, that discuss or describe: (a) Orion Mine Finance, (b) Orion Resource Partners, (c) Sweetwater Royalties, (d) Oskar Lewnowski, (e) Jonathan Lamb or Jon Lamb).

26. Plaintiff requested records from the BLM Wyoming High Desert District office, BLM Rock Springs Field Office, BLM Kemmerer Field Office, BLM Rawlins Field Office, and the BLM Wyoming State Office, within the timeframe of January 1, 2020, to December 31, 2020.

27. On October 29, 2022, Plaintiff sent a follow up request to the BLM asking about

the status of his request and an estimated date of completion.

28. On November 2, 2022, the BLM informed Plaintiff that it had not begun processing Plaintiff's FOIA request but agreed to begin working on the request.

29. On December 2, 2023, Plaintiff sent a second follow up request to the BLM about the status of his request and asking for an estimated date of completion.

30. On December 6, 2022, the agency informed Plaintiff that it "hoped" to provide the information by December 21, 2022.

31. On January 17, 2023, Plaintiff sent a third follow up request asking about the status of his request and asking for an estimated date of completion.

32. On January 18, 2023, the BLM stated that it had located a single record in response to Plaintiff's request, but that additional internal agency discussions were required before the BLM could produce the record.

33. The BLM issued a final response to Plaintiff on January 19, 2023, comprised of one document with four pages, with material withheld in part under Exemption 4.

*First FOIA Appeal*

34. On January 23, 2023, Plaintiff filed an administrative FOIA appeal with the Department of Interior FOIA/Privacy Act Appeals Office, asserting that the agency failed to conduct an adequate search to locate all responsive records, the BLM improperly withheld responsive records, and did not provide all non-exempt portions of responsive records.

35. The BLM assigned an appeal number of DOI-BLM-2023-0059 to Plaintiff's January 23, 2023, appeal.

36. On March 3, 2023, Plaintiff emailed the BLM requesting an estimated date of completion for a decision on Appeal No. DOI-BLM-2023-0059.

37. On March 17, 2023, Plaintiff received a decision letter for his administrative appeal from the Department of Interior FOIA/Privacy Act Appeals Office stating that it had granted Plaintiff's appeal because the BLM had located additional responsive records and remanded the appeal to the BLM to make a determination on releasability of additional records.

38. On April 6, 2023, the BLM notified Plaintiff that the agency would issue a response no later than April 12, 2023.

39. On April 11, 2023, the BLM released four records to Plaintiff consisting of 21 pages with material withheld pursuant to Exemption 4.

*Second FOIA Appeal*

40. On May 23, 2023, Plaintiff filed a second administrative FOIA appeal with the Department of Interior FOIA/Privacy Act Appeals Office asserting that the BLM had improperly withheld records pursuant to FOIA Exemption 4, failed to produce non-exempt material, and failed to perform an adequate search. Plaintiff's second appeal described *inter alia* how the agency failed to produce any email communications, even though specifically requested, between BLM authorities and agency offices in Wyoming related to the subject matter of the FOIA request.

41. The agency assigned an administrative appeal number of 2023-136 to Plaintiff's second administrative appeal.

42. On August 17, 2023, the BLM denied Plaintiff's second FOIA Appeal stating that the agency properly invoked Exemption 4 to withheld responsive records and conducted an adequate search.

43. As of the date of the filing of this action, the BLM has not produced any

responsive records for the FOIA Request.

44. The filing of this lawsuit is required to compel Defendant to timely provide all records responsive to Plaintiff's FOIA Request and to perform an adequate search.

## CLAIMS FOR RELIEF

45. Plaintiff realleges and reincorporates by reference all allegations in all paragraphs of this Complaint.

46. Plaintiff properly requested records within the possession, custody, and control of Defendant BLM.

47. Defendant BLM must make reasonable efforts to search for requested records. 5 U.S.C. § 552(f)(1).

48. Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records and portions of responsive records for its FOIA Request.

49. By failing to provide Kleinert with all non-exempt responsive records and portions of responsive records to its FOIA Request as described above, Defendant BLM has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

50. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's FOIA Request.

51. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's FOIA Request, Defendant BLM has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

52. Defendant BLM continues to violate FOIA and unlawfully withhold records by not making all responsive records available to Plaintiff. 5 U.S.C. § 552(a).

53. Defendant BLM continues to violate FOIA by failing to release all segregable

non-exempt portions of agency records response to Plaintiff's FOIA request. 5 U.S.C. § 552(a)(8)(A), (b).

54. Unless enjoined by this Court, Defendant BLM will continue to violate Plaintiff's legal rights to be provided with copies of the records which Plaintiff has requested in Plaintiff's FOIA Request described above.

55. Plaintiff has been required to expend costs and obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants to prosecute this action.

56. Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff James Anaquad Kleinert, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt records and portions of records responsive to its FOIA Request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's FOIA Request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to Plaintiff's FOIA Request and provide Plaintiff with all non-exempt responsive records to Plaintiff's FOIA Request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of April, 2024.

                                                 */s/Maya Kane*
                                      SOUTHWEST WATER AND PROPERTY LAW LLC,
                                      D. D.C. Bar # CO0089
                                      10 Town Square, No. 422
                                      Durango, CO 81301
                                      (970) 946-5419
                                      mkane@swpropertylaw.com

*Attorney for Plaintiff*